IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY PAUL MARTIN, ID # 566302,       ) | |
|     Petitioner,                                                    ) | |
| vs.                                                                        ) | No. 3:05-CV-2443-D |
|                                                                      ) | |
| NATHANIEL QUARTERMAN, Director,       ) | |
| Texas Department of Criminal                          ) | |
| Justice, Correctional Institutions Division,      ) | |
|     Respondent.                                                 ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his September 11, 1990 conviction and resulting life sentence for theft in Cause No. F-90-02273-MR. (*See* Pet. Writ Habeas Corpus (Pet.) at 2.) The respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On June 15, 1990, petitioner pled guilty to theft in excess of $750 and true to two enhancement paragraphs. (Pet. at attached pages.) Based upon the guilty plea, the trial court placed him on ten years deferred adjudication probation. (*Id.*) On September 11, 1990, petitioner pled true to violating the terms of his probation, and the trial court sentenced him to life imprisonment after adjudicating him guilty. (*Id.*) He unsuccessfully appealed his conviction, but filed no petition for

discretionary review. (*Id.* at 3.) He has filed numerous state writs regarding his conviction. (*Id.* ¶ 11 and attached pages (indicating the filing of at least thirteen state writs).)

In the instant petition, petitioner asserts three grounds for relief – (1) he was "insane" when he pled guilty to the charge of theft and thus did not knowingly and intentionally plead guilty; (2) he is being held in violation of 18 U.S.C. §§ 241, 242, 152, and 1502 because he "filed an affidavit in three Courts which concerned a threat to [his] life resulting from a conspiracy against [his] rights"; and (3) he is being held "in violation of [his] right to compete or at least . . . receive adequate consideration" relative to his "literary works". (Pet. at attached pages.) He contends that he has filed no previous federal habeas petition that challenges the same conviction challenged in this action. (*See id.* ¶ 21.) He further contends that he presents his three claims for the first time in federal court in the instant petition. (*See id.* ¶ 22.)

Notwithstanding his contentions, petitioner has challenged that conviction twice before in federal court by way of a § 2254 petition. *See Martin v. Johnson*, No. 3:95-CV-1341-T (N.D. Tex.) (Pet. received July 29, 1995); *Martin v. Johnson*, No. 3:97-CV-2627-T (N.D. Tex.) (Pet. received Oct. 27, 1997). On March 29, 1996, the Court dismissed the first petition on its merits. *See Martin*, No. 3:95-CV-1341-T (Judgment and Order dated Mar. 29, 1996). On November 17, 1997, the Court dismissed the second petition as successive. *See Martin*, No. 3:97-CV-2627-T (Judgment and Order dated Nov. 17, 1997).

Because petitioner has filed previous federal petitions to challenge his theft conviction, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244 (b). Under Fifth Circuit precedent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

---

[1] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

3

In this case, petitioner's previous petitions were not dismissed because of any prematurity or lack of exhaustion. Under *Orozco-Ramirez* and *Crone*, petitioner was therefore required to present all available claims in his first federal petition.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his 1990 theft conviction in two prior federal petitions. Herein, he challenges the same conviction on three previously unraised grounds. By asserting a claim of insanity which specifically goes to the validity of his guilty plea, petitioner asserts a federal basis for relief from his 1990 theft conviction that could have been raised in his initial federal petition. Although petitioner states that he "did not fully realize this issue of insanity until some time during about 2003," he also states that he "was suspicious that something was wrong with the way [he] was thinking" in 1990 when he pled guilty. (Pet. at attached pages.) He further states that he had "read a book [about psychology] several years before [2003] that [he] kept until 1999 or 2000." (*Id.*) Petitioner provides nothing to support his claim of insanity. He provides no medical records reflecting a psychological diagnosis, no psychological treatment history, no listing of prescribed psychological medication, and no statement by any third party that he is or has been insane. He instead relies upon an alleged self-realization in 2003 that he is insane, which appears inconsistent with his extensive litigation history. The lack of corroborative evidence of insanity also suggests the invalidity of the allegation. Nevertheless, even assuming that petitioner has or had a mental

4

impairment of some sort, it is apparent from the information provided to the Court that petitioner had sufficient information to have raised his insanity claim in his initial federal habeas petition. The instant petition is thus successive within the meaning of 28 U.S.C. § 2244(b).

Furthermore, although the factual bases for petitioner's second and third claims appear to have arisen after the Court entered judgment in his two prior federal habeas actions, such claims do not affect whether the application is successive. *See Crone*, 324 F.3d at 837 (holding that, "[i]n accordance with our strong policy against piecemealing claims, we have long held that under an abuse of the writ standard, the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission"). The statute specifically restricts the filing of a second or successive *application*. *See* 28 U.S.C. § 2244(b)(3) (emphasis added). The Supreme Court has specifically determined that an application is second or successive when it asserts or reasserts "one or more 'claims'", *i.e.*, "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2647 (2005). This Court, furthermore, has long held that, "[a] 'mixed-application' that contains claims that could have been raised previously and claims that could not have been so raised is nevertheless successive." *Cooper v. Cockrell*, No. 3:03-CV-596-L, 2003 WL 21517824, at *2 (N.D. Tex. Apr. 15, 2003); *Hubbard v. Cockrell*, No. 3:01-CV-1539-X, 2001 WL 1148274, at *2 (N.D. Tex. Sept. 18, 2001).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive

5

application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. In fact, the Fifth Circuit has previously denied petitioner leave to file a successive habeas petition. *See Martin*, No. 3:97-CV-2627-T (Findings, Conclusions and Recommendation of the United States Magistrate Judge filed Nov. 3, 1997) (citing *In re Martin*, No. 97-400 (5th Cir. 1997)).

Although it is appropriate for the Court to dismiss the instant successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice appears most appropriate. This Court has already informed petitioner that he must seek leave from the Fifth Circuit to file a second or successive petition. The Fifth Circuit, furthermore, has previously denied petitioner authorization to file a successive petition. By filing this successive petition

6

for writ of habeas corpus without first obtaining leave from the Fifth Circuit, petitioner has abused the judicial process. In addition, petitioner showed a lack of candor to the Court, and further abused the judicial process by affirmatively stating that he had filed no prior federal habeas petition to challenge his 1990 theft conviction when he had twice before challenged that conviction in federal court.

Because the petition sought to be filed in this action is successive, and because the Fifth Circuit has not granted petitioner authorization to file a successive petition, the Court should dismiss the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

### III.  SANCTIONS

As noted above, petitioner has filed two prior federal habeas actions relating to his 1990 theft conviction which he challenges herein. Petitioner concedes, furthermore, that he has filed at least thirteen various writs in state court relative to his conviction. The Court thus considers the propriety of sanctions.

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

7

In view of petitioner's litigation history, the Court deems it appropriate to admonish or warn him that sanctions may be imposed, if he makes further misstatements of fact to the Court or files another successive habeas petition without first obtaining authorization from the Fifth Circuit. Should petitioner persist with his legal maneuvering, he should be monetarily sanctioned and barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court **DISMISS** the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.  The Court should also **WARN** petitioner that, if he makes further misstatements of fact to the Court or files another successive habeas petition without first obtaining leave from the Fifth Circuit, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

**SIGNED this 26th day of August, 2006.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE